IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| ROLAND GUERRA | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | |
| ILLINI STATE TRUCKING | § | |
| ERIC LUTHER BENNETT | § | JURY TRIAL |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

NOW comes ROLAND GUERRA, hereinafter called Plaintiff, complaining of ILLINI STATE TRUCKING and ERIC LUTHER BENNETT, Defendants, and for cause of action would respectfully show the Court and jury the following:

#### PARTIES

1. Plaintiff, ROLAND GUERRA, is an individual who reside in San Antonio, Bexar County, Texas.

2. Defendant, ILLINI STATE TRUCKING, (hereinafter "ILLINI"), is a foreign corporation organized and existing under the laws of the State of Indiana and is authorized to do business in Texas. Defendant may be served with process by serving its registered agent for service, Incorporation Services, Ltd., 3610-2 N. Josey, Suite 223, Carrollton, Texas 75007.

3. Defendant, ERIC LUTHER BENNETT, is a nonresident of the state of Texas. Pursuant to *Civil Practices & Remedies Code, Section 17.062*, Defendant's true and lawful agent to receive service of process and service is Chairman, Ted Houghton, at 125 E. 11th Street, Austin, Texas 78701, the Chairman of the Texas Transportation Commission, who will then forward the

Petition and Citation to the Defendant. The Defendant resides at 3216 Fulton Street, Shreveport, Louisiana 71109.

## VENUE AND JURISDICTION

4. The United States District Court has jurisdiction of this action under 28 U.S.C. Section 1332(a)(2) because the suit is between citizens of a state and corporations whose principal places of business are in foreign states, and the amount in controversy exceeds $75,000.00.

## FACTS

5. Plaintiff brings suit to recover damages for personal injuries he sustained in an incident that occurred on April 14, 2014, at the BHP Production Well, Bednoitz Oil Well, Yorktown, Dewitt County, Texas, at approximately 9:00 p.m.

6. At all times material hereto, Plaintiff, ROLAND GUERRA, was in the course and scope of his employment with Spirit Truck Lines. Plaintiff was asleep in the sleeping compartment of his tractor trailer, which was parked in a designated rest area near the well site.

7. Upon information and belief, Plaintiff alleges Defendant, ERIC LUTHER BENNETT, was in the course and scope of employment with ILLINI STATE TRUCKING at all times material hereto. The 18-wheeler tractor-trailer truck Defendant was operating at the time of the incident was owned and maintained by Defendant, ILLINI STATE TRUCKING. As Defendant was attempting to park his tractor-trailer truck next to Plaintiff's, he struck the back left side of Plaintiff's tractor-trailer truck several times.

8. The multiple impacts with Plaintiff's tractor-trailer truck caused Plaintiff, ROLAND GUERRA, to sustain serious and severe personal injuries, to include, but are not limited to, several herniated discs in his back.

## NEGLIGENCE OF ILLINI STATE TRUCKING

6.  *Negligent Hiring, Training and Supervision*

Defendant ILLINI was negligent in hiring Defendant, ERIC LUTHER BENNETT Further, Plaintiff alleges that Defendant ILLINI was negligent in properly training and supervising Defendant ERIC LUTHER BENNETT. Defendant ILLINI has violated several Federal Motor Carrier Safety Regulations including failure to properly supervise Defendant BENNETT. Each of the aforesaid acts and/or omissions, taken singularly or in combination, constitutes negligence and was the proximate cause of the injuries and damages of Plaintiff, ROLAND GUERRA.

7.  *Negligent Retention*

Plaintiff would show that Defendant ILLINI was negligent in retaining Defendant, ERIC LUTHER BENNETT, as an employee after they knew or should have known that he was a reckless and incompetent driver thereby creating an unreasonable risk of harm to ROLAND GUERRA, and others, which constitutes negligence and was a proximate cause of the injuries to ROLAND GUERRA and damages to Plaintiff.

8.  *Respondeat Superior*

Plaintiff would further show that the Defendant ERIC LUTHER BENNETT, was an employee and/or agent and/or servant of Defendant ILLINI. Accordingly, Defendant ILLINI is liable for the actions of its employees and/or agent, as enumerated below, under the legal doctrine of *respondeat superior*.

## NEGLIGENCE OF DEFENDANT, ERIC LUTHER BENNETT

9.  Defendant, ERIC LUTHER BENNETT, while operating said tractor-trailer, was within the course and scope of his agency and/or employment or statutory employment for Defendant

3

ILLINI and was guilty of negligence, including, but not limited to, the following, which negligence was a proximate cause of the occurrence in question:

    a.    Failure to utilize a helper while parking his rig;

    b.    Failure to keep his vehicle under control;

    c.    Failure to keep a proper lookout;

    d.    Failure to keep sufficient space between his vehicle and Plaintiff's vehicle; and

    e.    In moving his vehicle while the movement could not be made safely.

Each of the aforesaid acts and omissions, taken singularly or in combination, constitutes negligence and/or negligence *per se* and was the proximate cause of the incident in question, the injuries and damages to Plaintiff, ROLAND GUERRA, in the amount which exceeds the minimum jurisdictional limits of this Court.

## DAMAGES OF ROLAND GUERRA

10.    As a result of the incident described above, Plaintiff, ROLAND GUERRA, suffered severe personal injuries to his body. Plaintiff has experienced physical pain and mental anguish and will, in reasonable probability, continue to do so in the future by reason of the nature and severity of his injuries. Further, Plaintiff has experienced physical impairment or physical incapacity as a result of the incident, and in all reasonable probability will suffer physical impairment or physical incapacity in the future. Plaintiff has been caused to incur medical expenses in the past and will continue to incur medical expenses in the future for treatment of his injuries.

11.    Plaintiff would show that as a result of the incident in question, he has suffered lost wages and loss of earning capacity in the past and a loss of earning capacity in the future.

By reason of the above and foregoing, Plaintiff has been damaged in a sum within the jurisdictional limits of this Court.

WHEREFORE, Plaintiff prays that Defendants be cited to appear and answer herein and that upon final trial of this cause, Plaintiff recover:

a. Judgment against Defendants, jointly and severally, for Plaintiff's damages as set forth above, in an amount within the jurisdictional limits of this Court;

b. Prejudgment interest on Plaintiff's damages as allowed by law;

c. Interest on the judgment at the legal rate from date of judgment;

d. Costs of court; and

e. Such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

**BRANTON | HALL | RODRIGUEZ | CRUZ**
A PROFESSIONAL CORPORATION OF TRIAL LAWYERS
8100 Broadway
San Antonio, Texas 78209
(210) 224-4474
(210) 224-1928 (fax)

By: _____
SONIA M. RODRIGUEZ
State Bar No. 24008466

ATTORNEYS FOR PLAINTIFFS,
ROLAND GUERRA and FLORELL GUERRA

JURY TRIAL REQUESTED.

H:\WPFILES\FILES.CLT\G\GUE3248\PLEADINGS\Complaint-Original.wpd